# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# AMARILLO DIVISION

| | | |
|---|---|---|
| B.D.S., AN INCAPACITATED PERSON b/n/f SHERRILL MICHELLE SMITH TIM WAYNE SMITH, and TIM WAYNE SMITH, INDIVIDUALLY  Plaintiffs, | § § § § § § | |
| v. | § § | CIVIL ACTION NO.: 2:14-cv-284 |
| CLARENDON INDEPENDENT SCHOOL DISTRICT by and through MONTY HYSINGER, SUPERINTENDENT, IN HIS OFFICIAL AND INDIVIDUAL CAPACITY AND WAYNE HARDIN, PRESIDENT OF THE CLARENDON INDEPENDENT SCHOOL DISTRICT, IN HIS OFFICIAL CAPACITY AND LARRY JEFFERS, PRINCIPAL, IN HIS OF INDIVIDUAL CAPACITY  Defendants. | § § § § § § § § § § § § § § | |

### PLAINTIFFS' RESPONSE TO DEFENDANTS' AMENDED MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT AND BRIEF IN SUPPORT THEREOF

**NOW COMES** B.D.S[1] ("the student"), An Incapacitated Person, by and through her next friends, Sherrill Michelle Smith and Timothy Wayne Smith ("Smith"), and Smith, Individually, and all collectively termed Plaintiffs herein, and brings this their *Response To Defendants' Amended Motion To Dismiss Plaintiffs Second Amended Complaint* (Doc. #17) *And Brief In Support Thereof* (hereinafter collectively called "the Motion,") and would respectfully show the following:

---

[1]. The initials of minors are used throughout the complaint to protect the confidentiality of the student, even though she is no longer a minor, but is incapacitated.

## I. INTRODUCTION AND BRIEF FACTUAL REVIEW OF THE CASE[2]

1. B.D.S. is now 20 years old but is mentally retarded, having the mental maturity of a child (¶ 1) She has also been diagnosed with Pervasive Developmental Disorder and Autism. She lives with her parents who are her caretakers. B.D.S. is able to attend school, where she receives special education classes (¶ 21). On numerous occasions she was incorrectly and unnecessarily restrained causing her injuries (¶2, 42, 56, 77, 82, 84 ). On other occasions she was not correctly supervised and was likewise injured (¶46, 47, 51, 52, 57, 58, 62 ) In addition, on a number of occasions she was bullied and harassed by another student, with allegations that this student also sexually harassed her (¶3, 54, 55, 72, 74).

2. Her father complained to school officials about both the restraint issue and the harassment issue but to no avail (¶5, 44, 53, 54, 55, 60, 62, 67, 74, 76, 81). He also complained to the Texas Education Agency about these concerns (¶49, 59) and received visits from Adult Protective Services after some of these complaints (¶63, 68, 86). He believes he was the victim of retaliation by both Hysinger and Jeffers for attempting to advocate on his daughter's behalf (¶61).

3. Due to these and other failures by the School District Defendants, and their conscious indifference to the constitutional and statutory rights of B.D.S. and Smith, Plaintiffs brought forth this suit pursuant to the 14th Amendment to the United States Constitution, *see* 42 U.S.C. §§1983, Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §794a ("Rehabilitation Act"), the Americans with Disabilities Act ("ADA"), 42 U.S.C., §12101, *et seq.*, and Title IX of the Education Amendments of 1972 (Title IX), 86 Stat. 373, as amended, 20 U.S.C. § 1681

---

[2]. Plaintiffs solely rely upon their *Second Amended Complaint* (Doc. #14) with the relevant paragraph (¶) number cited. As such, anywhere a fact is noted the cite will only be the paragraph (¶) number.

*et seq.* (¶7,8).

## II. BRIEF IN SUPPORT REGARDING DEFENDANTS' 12(B)(1) ARGUMENTS.

4. Plaintiffs repeat and incorporate by reference, as if fully set forth herein, each and every factual allegation contained in their *Second Amended Complaint* (Doc. #14) and Defendant's *Motion To Dismiss* (Doc. #17). Further, each and every following sub-section includes, and incorporates by reference, each and every allegation contained in any previous paragraphs.

A. Legal Standard

5. Plaintiffs notes that a Rule 12(b)(1) motion should be granted only if it appears certain Plaintiffs cannot prove any set of facts in support of a claim entitling relief. Ramming v. U.S., 281 F.3d 158 (5th Cir. 2001).

B. Plaintiff Tim Wayne Smith Does Not Need To Exhaust Remedies

6. Tim Wayne Smith has been an advocate on behalf of his daughter's rights (¶5, 44, 49, 53, 54, 55, 59, 60, 62, 67, 74, 76, 81, ). He also complained to the Texas Education Agency about these concerns (¶49, 59) and has pled that the Defendants contacted Adult Protective Services, in bad faith and without just cause (¶63, 68, 86) solely with the purpose of retaliating against him for such advocacy. Such acts by the Defendants, satisfy the requisites of a cause of action, pursuant to the Rehabilitation Act, Title IX and Section 1983. He solely asks for pecuniary damages, attorney fees and costs (¶ 153, 154, 157)

7. Defendants state that he first must exhaust claims pursuant to the *Individuals With Disabilities Act*, ("IDEA") 20 U.S.C. §1415(l) et seq., but fail to provide any specific statutory basis regarding retaliation as a cause of action in IDEA. Nor does Defendant provide any caselaw evidencing just what remedy a Texas Education Agency ("TEA") Hearing Officer could give

Smith if he were forced to exhaust his claims,[3] making exhaustion of his claims futile. <u>Honig v. Doe</u>, 484 U.S. 305 (1988). This futility argument especially compelling when someone like Smith solely seeks pecuniary relief. <u>McCormick v. Waukegan Sch. Dist. #60</u>, 374 F.3d 564, 568-69 (7th Cir. 2004); <u>Padilla v. Sch. Dist. No. 1</u>, 233 F.3d 1268, 1274-75 (10th Cir. 2000).[4]

C    Plaintiff B.D.S. Does Not Need To Exhaust Remedies

8.    In addition to all the reasons noted above, exhaustion is not required for her because she too solely seeks pecuniary relief, <u>McCormick</u>, attorney fees and costs, items which a Hearing Offcer cannot provide. In addition, she no attends the Clarendon ISD (¶ 87) making administrative review of her claims be moot and thus, exhaustion here too would be futile. <u>Bd. Of Educ. of Oak Park v. Nathan</u>, 199 F.3d 377 (7th Cir. 2000).[5]

### III. BRIEF IN SUPPORT REGARDING DEFENDANTS' 12(B)(6) ARGUMENTS

A.    Legal Standard

9.    Dismissal may only be granted if Plaintiffs cannot prove any set of facts allowing relief.

---

[3]. Defendants cite <u>N.B. v. Alachua Co. Sch. Bd.</u>, 84 F.3d 1376, 1379 (11th Cir. 1996) in support of exhaustion but there the Court found exhaustion was mandated as the parent could have filed a case with a cause of action pursuant to IDEA. That is not the situation in the instant case where Smith has no such cause of action.

[4]. Defendants cite <u>M.T.V. v. DeKalb County Sch. Dist.</u>, 446 F.3d 1153, 1158 (11th Cir. 2006) in support of their position on exhaustion. In that case the Court's decision turned on the facts the parents hadn't argued the relief they requested would have insufficient pursuant to IDEA. As Smith has made that argument, <u>M.T.V.</u> is not controlling as to him. In addition, in that case all the retaliation claims dealt with issues within the educational context and environment. In the instant case the retaliation took the form of contacting the Adult Protective Services alleging Smith impregnated his daughter. That type of retaliation is a far cry from the type noted in <u>M.T.V.</u> or in <u>Hooker v. Dallas Indep. Sch. Dist.</u>, 2010 WL 4025788 (N.D. Tex., 2010). These cases do not help Defendants.

[5]. Defendant also argues in this section Plaintiffs claims that Defendant failed to fulfill elements of a settlement agreement (Doc. #14, ¶49, 50) are not justiciable. They are not correct. IDEA specifically gives a party a remedy in such an instance. (¶144), 20 U.S.C. §1415(e)(2)(f)(iii); 34 C.F.R. §506(b)(7). There arguments about state contact issues are not controlling in federal court. Further, and while not addressed in their section on limitations, this claim is controlled by the four year limitations period noted in the Texas Civil Practices &Remedies Code.

Response To Motion To Dismiss    4

Scanlon v. Texas A&M Univ., 343 F.3d 533, 536 (5th Cir. 2003). Further, all material facts noted by Plaintiffs are true, Id. at 536, and all inferences favor Plaintiffs. Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000) [motions to dismiss are viewed with disfavor and rarely granted. Id. at 498]. In any case, before a 12(b)(6) motion be granted, the plaintiff should be able to replead; Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 329 (5th Cir. 2002).

B. Plaintiffs Claims Based Upon *Special Relationship* Are Well-Founded

10. In general the *Due Process Clause* does not confer an affirmative right to governmental aid or protection. DeShaney v. Winnebago County Dept. of Social Servs., 489 U.S. 189, 196 (1989). However, in certain circumstances, the Constitution imposes upon a school district an affirmative duty of care and protection to a disabled child that is significantly incapable of caring for herself. Teague a/n/f C.R.T. v. Texas City Independent School Dist., 384 F.Supp.2d 785, 793 (Tex. E.D., 2004). As B.D.S. is similarly disabled (¶1, 21, 22) to the same extent as the Teague plaintiff, then her claims based upon *Special Relationship* likewise survive.

C. Plaintiffs Claim Based Upon *State Created Danger* Is Well-Founded

11. In Doe v. Ennis ISD, 2007 WL 273550 (N.D. Tex. 2007), the Court found Plaintiffs met their burden to a survive as 12(b)(6) motion. There four female students alleged that over the course of time they were subject to sexual assaults, harassment, and bullying and district officials were aware but took no steps to stop intrusion upon their 14th Amendment liberty interest in bodily integrity. Doe v. Taylor Indep. Sch. Distr., 15 F.3d 443 (5th. Cir. 1994). The Court found the Defendants had an official custom[6] of tolerating student on student assaults and harassment, and looking the other way, resulting in a failure to protect the Jane

---

[6]. Plaintiffs believe this section and related caselaw also satisfy the section related to *Policy and Custom.*

Does, and violating their constitutional right affirmed in the Taylor ISD case.

12. Likewise B.D.S. was left alone with the student who harassed her on multiple occasions, without the district investigating the claim in a timely manner (¶3, 54, 55, 72, 74) or otherwise pursuant to their own Board policies.[7] In Doe v. Ennis the school district had never affirmatively placed the girls in this inherently dangerous situation, yet the Court found for Plaintiffs in any case. Certainly, if the Doe Plaintiffs could satisfy the stringent criteria of a *state-created danger* without any affirmative acts on behalf of the Ennis ISD, then it seems that B.D.S. could satisfy her burden, in light of the fact the school district affirmatively put her in harms way with a student known to harass her. Johnson v. Dallas Ind. Sch. Dist., 38 F.3d 198 (5th Cir. 1994).

D. Plaintiffs Claims Based Upon *Policy Or Custom* And *Lack Of Training And/Or Supervision* Are Well-Founded

13. The Defendant would ask that Monell v. New York City Dept. of Social Service be the final word on the circumstances under which a governmental entity can be held liable. 436 U.S. 658 (1978). Plaintiffs direct this Court's attention to Canton v. Harris, where the Supreme Court held that a governmental entity, like a school district could be held liable under §1983 "for constitutional violations resulting from its failure to train and supervise [its] employee" when the inadequacy of training amounts to deliberate indifference and such a shortcoming can be properly thought of as a city "policy or custom." 489 U.S. 378, 380, 388-89 (1989). The Court's holding makes it clear that if a claimant were able to show that a governmental entity's

---

[7]. Clarendon ISD School Board policies, FFI [Student Welfare] and FFH [Student Welfare- Freedom From Harassment], require that any allegation of bullying or harassment of a student with a disability, or a claim of sexual harassment of any student be investigated in a very specific manner; i.e., there be timely reporting to the relevant school officials, that the complaint be reduced to written form, that an appropriate investigation occur (by the Section 504 Coordinator or the Title IX Coordinator), be completed in ten (10) days and with a final written report available to the family. Plaintiffs ask the Court to take judicial notice of these public policies.

failure to train and supervise its employees in a relevant respect amounted to "deliberate indifference" then such failure to train or supervise would constitute a "policy or custom" under the traditional <u>Monell</u> analysis. Both B.D.S. and Smith meet that burden.

14. The test under <u>Canton</u> for failure to train and supervise also requires the Claimant to show these failures were a moving force in causing the injury. B.D.S.'s Complaint satisfies the requirements pursuant to <u>Canton</u> twofold. She has alleged that the Defendant violated her right to bodily integrity by failing to restrain her correctly causing injury (¶2, 42, 56, 77, 82, 87), such failure could only occur cased upon failures to train and supervise. Further, that her right to bodily integrity was again violated when the Defendant failed to protect her from the bullying and harassment of another student (¶3, 54, 55, 72, 74), likewise solely based upon their failure to train and supervise staff. Further, such failures evidence conscious and deliberate indifference to her rights. It is clear that B.D.S. has satisfied her burden in stating a claim for which she is entitled to relief and providing the school district "fair notice" of this claim, and the others before them.

15. Smith also satisfies the <u>Canton</u> criteria at this stage of the litigation. He too has provided facts noting a right to family integrity that was infringed upon by the "bad-faith" reports by Defendants to Adult Protective Services (¶63, 68, 86), solely based upon his advocacy efforts (¶5, 44, 49, 53, 54, 55, 59 60, 62, 67, 74, 76, 81). In a like vein, such intrusion could only occur because the Defendant failed to train and supervise staff in regard to issues of retaliation and in the reporting allegations of abuse and neglect to Adult Protective Services.

E. Plaintiffs Claims Concerning *Title IX* Are Well-Founded

16. <u>Davis v. Monroe Board Of Education</u>, 526 U.S. 629 (1999) defines the elements of a *Title IX* claim creating a cause of action for student-on-student sexual harassment where the

harassment is "so severe, pervasive, and objectively offensive, and that so undermined and detracts from the victims' educational experience, that the victim-students are effectively denied equal access to an institution's resources and opportunities." Davis, 526 U.S. at 651. Where an institution is deliberately indifferent to known acts of harassment, there exists "an intentional violation of Title IX, capable of supporting a private damages action." Id. at 643.

17. In the present case, B.D.S., argues she sexually harassed by a classmate (¶3, 54, 55, 72, 74) on multiple occasions. Further, that the her father complained on multiple occasions and the school failed to investigate the allegation (¶5, 44, 49, 53, 54, 55, 59 60, 62, 67, 74, 76, 81). This deliberate indifference by the school district subjected B.D.S. to sexual harassment, making the institution liable for damages. Davis, 526 U.S. at 644-45. Further, by creating and sustaining a hostile educational environment that forced B.D.S. to withdraw from the Clarendon ISD, this sexual harassment effectively also denied her equal access to the school's resources.

F. Claims Against Hysinger and Jeffers In Their *Individual Capacities* Are Well-Founded

18. In B.D.S.' *First Amended Complaint* she also alleges that, given her unique needs and the inherently dangerous nature of sexual harassment the need for training and supervision was so obvious, and the risk of harm from a lack of training and supervision so clear, that the failure to properly train amounted to a violation of §1983 and deliberate indifference on the part of the school district.

19. Plaintiffs have alleged that Hysinger and Jeffers both failed to receive appropriate training and supervision regarding the investigation of allegations of sexual harassment of B.D.S.

20. In addition, Plaintiff Tim Wayne Smith has alleged that both Hysinger and Jeffers acted in bad faith when colluding together and attempting to intrude upon his constitutionally protected

right to family integrity when filing false claims of sexual abuse against him (¶61). Certainly false allegations of child abuse can never benefit from immunity. <u>Morris v. Hawkins</u>, 69 F. Supp.2d 868 (US Dt. Ct. E.D. Texas, Marshall Div. 1999; 181 F3rd 657 (5th Cir. 1999).

G. Plaintiffs' Claims Are Not Barred By The *Statute Of Limitations*

    1. B.D.S.' Claims Are Not Barred By The *Statute Of Limitations*

21. B.D.S. filed her cause of action on December 7, 2010 meaning all of her Section 504, Title IX and Section 1983 causes of action, occurring after December 8, 2008, would survive the limitations argument (save for any tolling theories). As she has argued she was injured at the school on multiple occasions during the spring of 2009 (¶74-86) these claims are not extinguished by limitations.

22. Further, Defendants claims on limitations is not yet ripe. In <u>J.L. ex rel J.L. v. Ambridge Area School District</u> the Court stated:

> "In this Court's estimation, any inquiry into the application of the statute of limitations requires a highly factual determination as to whether the parent "knew or should have known" of violations that formed the basis of their complaint...
>
> While the Defendant may possess a potentially viable defense in the statute of limitations, it would be improper for this Court to grant a motion to dismiss as to the Plaintiffs' claims without conducting a thorough review ...

23. As such, the Defendants *Motion To Dismiss* on the statute of limitations defense should be denied until such time discovery has been completed and the Court can make the specific fact finding inquiry required by the above-noted caselaw.

    2. Tim Wayne Smith's Claims Are Not Barred By The *Statute Of Limitations*

24. Smith filed his *Original Complaint* in state court on March 10, 2010, meaning that any all of his stated causes of action before March 10, 2008 are barred by limitations save for any saved

by any relevant exceptions. It was removed to federal court and later dismissed without prejudice on or about December 22, 2010. Further, Smith's then present attorney and counsel for the school district agreed, his claims were tolled until the Court's scheduling *Order* regarding the addition of parties or by April 18, 2011 (*see* Att. A). As Smith joined this claim on March 28, 2011, well within the time limited noted in the agreement, then his claims are viable going back to March 10, 2008.

## IV. CONCLUSION AND PRAYER

25. Plaintiffs have met their burden that their claims need not satisfy the requisites of administrative exhaustion, as noted in Defendants 12(b)(1) *Motion To Dismiss.* Further, Plaintiffs have provided significant facts that B.D.S., regarding her right to bodily integrity and Tim Wayne Smith regarding his right to family integrity, that both have viable constitutional claims as such rights were violated by the School District and the individuals noted herein. As such, Plaintiff prays the Defendants 12(b)(1) be denied in total, or alternatively be denied as to Smith; and that Defendants 12(b)(6) *Motion To Dismiss* should be denied in total or in part, and alternatively, Plaintiffs be permitted to replead accordingly, and for such other relief as the Court may deem just and proper in law or in equity.

        Respectfully submitted,

        Cirkiel & Associates, P.C.

        /s/ Martin J. Cirkiel
        Mr. Martin J. Cirkiel, Esq.
        1901 E. Palm Valley Boulevard
        Round Rock, Texas  78664
        (512) 244-6658 [Telephone]
        (512) 244-6014 [Facsimile]
        marty@cirkielaw.com [Email]
        State Bar No. 00783829

        ATTORNEY FOR PLAINTIFFS

**CERTIFICATE OF SERVICE**

  This is to certify that on this the 30th day of May, 2011, I electronically filed the foregoing document with the Clerk of the Court for the U.S. District Court, Northern District of Texas, using the electronic filing system of the Court. The electronic case filing system will send a "Notice of Electronic Filing" to the following attorney of record who has consented in writing to accept this Notice as service of this document by electronic means:

Mr. Slater C. Elza
State Bar No. 24000747
Slater.Elza@uwlaw.com
Ms. Andrea Slater Gulley
State Bar No. 24045994
Andrea.Gulley@uwlaw.com
Underwood, Wilson, Berry, Stein & Johnson, P.C.
P.O. Box 9158
Amarillo, Texas 79105-0158
Telephone: (806) 376-5613
Fax: (806) 349-9474

                /s/ Martin J. Cirkiel